UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANIMAL PROTECTION INSTITUTE,      )<br>                                                            )<br>              Plaintiff                              )<br>      v.                                                  )                CV-06-128-B-W<br>                                                            )<br>ROLAND D. MARTIN,                          )<br>Commissioner of the Maine Department of )<br>Inland Fisheries and Wildlife,                )<br>                                                            )<br>              Defendant.                          ) | |

## ORDER ON MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

Concluding that Safari Club International and Safari Club International Foundation's participation as *amici curiae* in this law suit may be beneficial to the Court by providing a countervailing and distinct perspective, the Court grants their motion to participate as *amici curiae*.

## I. BACKGROUND

Animal Protection Institute (API) filed an action against Roland D. Martin, in his official capacity as Commissioner of the Maine Department of Inland Fisheries and Wildlife (DIFW), seeking declaratory and injunctive relief for his alleged violation of the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq.*, for "authorizing and allowing trapping activities that 'take' Bald Eagles, Canada Lynx and Gray Wolves – species listed as protected from take under the ESA."[1]  *Compl.* ¶ 1 (Docket # 1).  Commissioner Martin is represented by the Maine State Attorney General's Office.  By this motion, Safari Club International and Safari Club International Foundation (Safari) seek to participate as *amici curiae*; API objects.  *Mot. of Safari*

---

[1] 16 U.S.C. § 1538(a)(1)(B) provides:  "[W]ith respect to any endangered species of fish or wildlife . . . , it is unlawful for any person subject to the jurisdiction of the United States to take any such species within the United States or the territorial sea of the United States."

*Club Int'l and Safari Club Int'l Found. for Leave to Participate as Amici Curiae and Mem. of Law in Supp.* (Docket # 10) (*Safari Mot.*); *Pl.'s Opp'n to Mot. to Participate as Amici Curiae* (Docket # 33) (*API Opp'n*); *Reply in Supp. of Mot. of Safari Club Int'l and Safari Club Int'l Found. for Leave to Participate as Amici Curiae* (Docket # 34) (*Safari Reply*).

According to its motion, Safari is a nonprofit corporation with approximately 50,000 members from the United States and worldwide. *Safari Mot.* Ex. A, *Decl. of Kevin Anderson* ¶ 3. Its mission is "conservation of wildlife, protection of the hunter, and education of the public concerning hunting and its use as a conservation tool."[2] *Id.* ¶ 4. Safari Club has about 200 members in Maine. *Id.* ¶ 13. Safari asks for a "limited form of the *amicus*-plus status recognized by this Court." *Safari Mot.* at 1-2. It seeks: (1) to present briefs on motions without the direction of the state of Maine; (2) to participate separately in oral argument on dispositive motions; and, (3) to serve and receive documents and notice of events as if a party. *Id.* at 6.

API opposes the motion on a variety of grounds. It claims that Safari's motion is a companion to a motion to intervene filed by four other organizations and three individuals – each of whom supports trapping – and complains that the cumulative impact of these motions, if granted, will "maximize the volume of participation by trapping interests in this litigation." *API Opp'n* at 2. API argues that the effect would be to "allow two functional interventions, when either group would ordinarily be adequately represented by the other." *Id.* API also opposes the motion because it is premature, since no motions or memoranda have been filed.[3] *Id.* at 3.

---

[2] Safari Foundation is similarly organized and shares a similar mission. *Safari Mot.* Ex. A, *Decl. of Kevin Anderson* ¶ 6.

[3] API cites *Forest Service Employees for Environmental Ethics v. U.S. Forest Service*, CV-03-165-M-DWM, slip op. (D. Mont. Feb. 11, 2004) for the proposition that a motion for leave to participate as *amicus* should wait until the briefs are filed. *Forest Service* denied the motion "subject to renewal at the appropriate time." *Id.* at 3. In *Forest Service*, Judge Malloy correctly perceives the difficulty in granting leave to participate when it is unclear how helpful and necessary the *amicus's* participation will turn out to be. But, as Chief Magistrate Judge Erickson stated in *Animal Protection Institute v. Merriam*, Civ. No. 06-3776 (MJD/RLE), slip op. at 6 (D. Minn., Nov. 16, 2006), to delay is only to "defer the inevitable." The approach suggested by now Justice Alito in *Neonatology Assocs., P.A.*

## II. DISCUSSION

Although there are rules governing the participation of *amicus curiae* on appeal, there is no provision in the Federal Rules of Civil Procedure "as to the conditions under which a trial court should permit *amicus* appearances and the restrictions, if any, that should attend its appearance." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003). Nevertheless, "the district court retains 'the inherent authority' to appoint amicus curiae 'to assist it in a proceeding.'" *Id.* (quoting *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (D. Me. 1991)). An amicus is not a party and "does not represent the parties but participates only for the benefit of the court." *Resort Timeshare*, 764 F. Supp. at 1501 (quoting *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988)).

Granting *amicus* status remains "within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). However, *Strasser* cautioned:

> [W]e believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

*Id.* Here, Safari does not claim that the Attorney General's representation of the Commissioner will be inadequate. *See Daggett v. Webster*, 190 F.R.D. 12, 13 n.1 (D. Me. 1990) ("Maine's Attorney General's Office typically performs in the highest professional manner, equal to the skill and performance of private lawyers."). Instead, Safari asserts it will bring a new and necessary perspective to the law suit, offering the Court "an essential voice of the affected interest groups because the State Defendant does not represent the hunting, trapping, and

---

*v. Comm'r of Internal Revenue*, 293 F.3d 128, 132-33 (3d Cir. 2002), to err on the side of granting the motion and accepting the brief for what it is worth, seems more practical.

recreational community or those whose recreational and commercial activities are threatened by the potential loss of wildlife management opportunities." *Safari Mot.* at 5.

Generally, *amicus* status is granted "only when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Alliance*, 297 F. Supp. 2d at 307 (internal punctuation and citation omitted). Against *amici* participation is Judge Posner's admonition in *Voices for Choice v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003):

> The reasons for the policy [of denying or limiting amici status] are several: judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process.

*Id.* (citing *Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

The tone of the API response and Safari's reply gives the Court unease about whether the inclusion of Safari as *amici* will increase only the heat, not the light. API charges that there is a "game afoot" among Safari and other organizations to maximize the hunter viewpoint during this litigation by seeking actual intervention or *amicus* status. *API Opp'n* at 2. Safari rises to the bait and accuses API of attempting to "bar the courtroom doors;" it denies these "unfounded allegations," urging the Court to reject "pure speculation, unfounded beliefs, and innuendo." *Safari Reply* at 1-2. This does not bode well. Hyperbole rarely convinces, but it inevitably invites an in kind response. If Safari's presence only sharpens the rhetoric, its usefulness as a friend of the court will be minimal and the Court may rue and revisit its order.

4

Nevertheless, API itself acknowledges that it and Safari are "at opposite ends of the spectrum of the 'interest group politics' that Judge Posner advises should not be injected into judicial [proceedings]." *API Opp'n* at 7. Since a self-acknowledged interest group has initiated this proceeding, it is only proper to counterbalance its advocacy with the advocacy of opposing interest groups. The Court concludes that Safari's participation may be "beneficial to the Court in this matter, given the likely difference in perspective" between pro-hunting/trapping organizations and the state Government. *Verizon New England, Inc. v. Me. Pub. Utilities Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005).

In *Neonatology Associates*, now Justice Alito set out an eminently practical approach to a motion for leave to participate as *amicus curiae*. 293 F.3d at 132-33. At the time of the motion, the court can rarely assess the potential benefit of an *amicus* brief, since the brief has not yet been filed. If denied, the court may be deprived of the advantage of a good brief, but if granted, the court can readily decide for itself whether the brief is beneficial. If beneficial, the court will be edified; if not, the brief will be disregarded. Thus, it is "preferable to err on the side of granting leave."[4] *Id.* at 133.

The Court seeks to strike a balance between controlling "the abuses enumerated by Judge Posner in [*Voices for Choices*], while not unduly delimiting the best purposes served by a legitimate *amicus*, as recognized by now Justice Alito in [*Neonatology Associates*]." *Animal Protection Institute*, Civ. No. 06-3776 (MJD/RLE), slip op. at 6 n.4 (D. Minn. Nov. 16, 2006). Here, the balance favors the motion. The Court allows Safari *amici curiae* status; Safari shall receive service of documents and notice of events, may file memoranda and briefs on motions

---

[4] Justice Alito's approach answers the difficulty of winnowing the chaff during the more controlled appellate deliberative process, but writing for an appellate court, Justice Alito does not address other factors that discourage a trial court from adopting such an expansive view of *amicus* status, including the potential burden on other litigating parties, the risk of loading one side of the case against the other, and the danger of infusing interest group politics and rhetoric into trial court motion practice.

before the Court, and may participate separately in oral argument on dispositive motions. Accordingly, the Court GRANTS Safari Club International and Safari Club International Foundation's Motion for Leave to Participate as *Amici Curiae* (Docket # 10).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2007