UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANIMAL PROTECTION INSTITUTE,   )<br>                                                   )<br>          Plaintiff                           )<br>     v.                                         )          CV-06-128-B-W<br>                                                   )<br>ROLAND D. MARTIN,                  )<br>Commissioner of the Maine Department of  )<br>Inland Fisheries and Wildlife,         )<br>                                                   )<br>          Defendant.                     )   | |

### ORDER ON MOTION *IN LIMINE*

In a case involving the Endangered Species Act (ESA), the Court denies the Animal Protection Institute's (API) motion *in limine* to exclude as a matter of law the Court's consideration of the balance of relative hardships from the traditional four-factor analysis for determining whether to issue an injunction.

### I.    BACKGROUND

Traditionally, a court is directed to examine four factors in determining whether to grant a preliminary injunction.[1]  *Esso Std. Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006); *Bl(a)ck Tea Soc'y*, 378 F.3d 8, 11 (1st Cir. 2004).  One of those four factors is "the balance of relative impositions, i.e. the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues." *Id.*  Having demanded injunctive relief in its Complaint, API moves *in limine* to limit the Court's consideration of the traditional balance of hardships factor.  *Pl.'s In Limine Mot. to Preclude Evidence of any Alleged Hardship of an Inj.* (Docket # 51) (*Pl.'s Mot.*).  Quoting *Strahan v. Coxe*, 127 F.3d 155, 171 (1st Cir. 1997), API

---

[1] The traditional four factors are:  "(1) the likelihood of success on the merits; 2) the potential for irreparable injury; 3) a balancing of the relevant equities (most importantly, the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if interim relief is withheld); and 4) the effect on the public interest of a grant or denial of the restrainer."  *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991).

contends that the balance of hardships is not an appropriate factor under the ESA because "that balancing has been answered by Congress's determination that the balance of hardships and the public interest tips heavily in favor of protected species." *Id.* (internal punctuation and citation omitted). API claims that it "would likely not need to depose the many intervenor groups if the Court rules that they cannot present evidence on the hardship an injunction may pose to their interests." *Pl.'s Mot.* at 1. Concluding that API has overstated the rule, the Court denies its motion.

## II.   DISCUSSION

API correctly points out that the standard for injunctive relief under the ESA differs from the traditional analysis. In *Coxe*,[2] ruling that the balance of hardships and the public interest "tips heavily in favor of the protected species," the First Circuit adopted the Ninth Circuit's view. *Coxe*, 127 F.3d at 160 (quoting *National Wildlife Fed'n v. Burlington Northern R.R.*, 23 F.3d 1508, 1511 (9th Cir. 1994)). The Ninth Circuit itself followed the Supreme Court's guidance in *Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978), which concluded: "Congress has spoken in the plainest of words, making it abundantly clear that the balance has been struck in favor of affording endangered species the highest of priorities, thereby adopting a policy which it described as 'institutionalized caution.'" *Id.* at 194. *National Wildlife Fed'n* further noted that "Congress removed from the courts their traditional equitable discretion in injunction proceedings of balancing the parties' competing interests." 23 F.3d at 1511; *see also Sierra Club v. Marsh*, 816 F.2d 1376, 1383 (9th Cir. 1987) ("In Congress's view, projects that jeopardized the continued existence of endangered species threatened incalculable harm: accordingly, it decided that the balance of hardships and the public interest tip heavily in favor of endangered

---

[2] The Court refers to *Strahan v. Coxe* as *Coxe* to avoid confusion with *Strahan v. Pritchard*, discussed later.

2

species. We may not use equity's scales to strike a different balance." (internal citation omitted)).

In *Coxe*, however, the defendants were all state officials and the Court summed up the hardship to the state: "The defendants contend that, given the contentious relationship between the parties, the district court's injunction ordering them to engage in a relationship or dialogue with Strahan inflicts irreparable harm upon the Commonwealth." *Id*. at 171. Because no other entities were involved, the inquiry stopped there. *Coxe* was not presented with an argument that the public interest was otherwise affected or that a particular entity or group would suffer irreparable harm.

Another First Circuit case suggests that the advantage given to the endangered species is not necessarily dispositive, and that the presumption is rebuttable. *Water Keeper Alliance v. United States Dep't of Defense* involved the Puerto Rican island of Vieques, where numerous endangered and threatened species live. 271 F.3d 21 (1st Cir. 2001). The plaintiff sought to preliminarily enjoin the United States Navy's use of Vieques for military exercises, alleging ESA violations. In ruling on the motion for preliminary injunction, the district court applied the standard four-factor analysis, including the balance of hardships, and in denying the plaintiff's motion, the court found that the balance of hardships "strongly favors the defendants" and that a preliminary injunction would "have a large negative effect on the public interest." *Water Keeper Alliance v. United States Dep't of Defense*, 152 F. Supp. 2d 155, 162-63 (D.P.R. 2001). The First Circuit affirmed:

> Congress has already determined that the "'balance of hardships and the public interest tips heavily in favor of protected species.'" *Strahan v. Coxe*, 127 F.3d 155, 171 (1st Cir. 1997) (quoting *National Wildlife Fed'n v. Burlington N. R.R.*, 23 F.3d 1508, 1510 (9th Cir. 1994)). *See also Tennessee Valley Auth.*, 437 U.S. at 184-185 (finding that the ESA "reveals a conscious decision by

3

> Congress to give endangered species priority over the 'primary missions' of federal agencies"). While these precedents direct us to give the endangerment of species, as alleged by Water Keeper, the utmost consideration, we do not think that they can blindly compel our decision in this case because the harm asserted by the Navy implicates national security and therefore deserves greater weight than the economic harm at issue in *Strahan*.

*Water Keeper Alliance*, 271 F.3d at 34. Although the ESA tips the scales in favor of the protected species, the First Circuit concluded that national security is one consideration that can tip the balance back. The First Circuit observed that national security concerns "deserve[] greater weight" than economic harm, not that economic concerns deserve no weight at all. *Id.*

A more recent case, *Strahan v. Pritchard*, 473 F. Supp. 2d 230 (D. Mass. 2007), comes closer to the instant case. There, the same plaintiff again sued to enjoin state officers "from continuing to license certain commercial fishing equipment that allegedly entangle[d] whales in violation of . . . the [ESA]." *Pritchard*, 473 F. Supp. 2d at 232. In *Pritchard*, an *amicus* presented the opposing viewpoint of commercial lobster fishermen. To begin, citing *National Wildlife*, the district court expressly eliminated the balance of hardships as a factor for ruling on a motion for preliminary injunction. *Id.* at 235 (outlining the standard as "1) the movant's likelihood of success on the merits, 2) the likelihood of irreparable harm in the absence of injunctive relief and 3) the effect on the public interest, bearing in mind that the balance of hardships and the public interest tips heavily in favor of protected species." (internal citation omitted)).

Nevertheless, as part of the public interest analysis, the Court considered the impact of an injunction on the Massachusetts fishing industry. *Id.* at 240-41. Because the "presumption in cases arising under the ESA is that the balancing of harms and effect on the public interest tips in favor of protecting the endangered animals," a "thorough analysis of the effect of the requested

4

relief on the public interest, therefore, is neither warranted nor appropriate." *Id*. at 240. However, the Court went on to evaluate the likely impact on the fishing industry: "[The amicus brief] persuasively suggests that the requested injunction would be devastating to the livelihood of fishermen and to the survival of their communities." *Id*. Denying "broad injunctive relief," the district court concluded that "the Court will enter an order that will ensure the temporary monitoring of the threat posed to endangered whales by fixed fishing gear without unduly disrupting the commercial fishing industry." *Id*. at 241.

Courts in other jurisdictions have identified the plaintiff's lowered standard under the third factor, but have not excluded consideration of the hardship to defendants or the effect of the impact on the public interest. *See State of Alabama v. United States Army Corps of Eng'rs*, 441 F. Supp. 2d 1123, 1132 (D. Ala. 2006) ("[T]he court holds that the proper standard in this case is the traditional four-prong test, but with the recognition of the balancing of equities and the determination of public good already made by Congress in enacting the ESA."); *American Rivers v. United States Army Corps of Eng'rs*, 271 F. Supp. 2d 230, 249 (D.D.C. 2003) ("While this Court concludes that Congress has spoken clearly in the ESA and that the balance has been struck in favor of affording endangered species the highest of priorities, it is also true that our Circuit has not definitively ruled on the issue. Consequently, out of an abundance of caution, this Court will choose the most conservative alternative and apply the four-part test." (internal citation and quotation marks omitted)); *Hamilton v. City of Austin*, 8 F. Supp. 2d 886, 894 n.14 (W.D. Tex. 1998) (applying the traditional four-factor analysis, but adding that "the Court is willing to assume from the congressional intent of the ESA and the Supreme Court's holding in TVA that the public interest in protecting endangered species is high and that a high detriment to the defendants is not enough to prevent an injunction that would save a species.").

API's motion contemplates that, in evaluating the merits of the request for injunctive relief, the Court may not as a matter of law receive evidence about the likely economic impact of the injunctive relief on other interested parties. However, the Court is unaware what specifically that evidence might be, whether it is properly considered within the constraints in *Coxe*, and whether the evidence is convincing. Even though in evaluating the Defendants' evidence, the Court must bear in mind "that the balance of hardships and the public interest tips heavily in favor of protected species," *Pritchard*, 473 F. Supp. 2d at 235, the Court cannot conclude at this stage in the proceedings that the impact of an injunction on economic and other interests is inadmissible as a matter of law.

### III. CONCLUSION

The Court DENIES API's Motion *in Limine* to Preclude Evidence of any Alleged Hardship of an Injunction (Docket # 51).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2007