UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ANIMAL PROTECTION INSTITUTE,<br><br>       Plaintiff,<br><br>       v.<br><br>ROLAND D. MARTIN, In His Official Capacity as the Commissioner of the Maine Department of Inland Fisheries and Wildlife,<br><br>       Defendant,<br><br>U.S. SPORTSMEN'S ALLIANCE FOUNDATION, NATIONAL TRAPPERS ASSOCIATION, MAINE TRAPPERS ASSOCIATION, SPORTSMAN'S ALLIANCE OF MAINE, FUR TAKERS OF AMERICA, OSCAR CRONK, DONALD DUDLEY, ALVIN THERIAULT, AND BRIAN F. COGILL, SR.<br><br>       Defendant-Intervenors. | CIVIL ACTION NO.: 06-cv-00128-JAW |

**CONSENT DECREE AND ORDER**

Upon consideration of the Motion for Entry of Consent Decree and Order filed by the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**I.  BACKGROUND**

1.  Animal Protection Institute ("API") brought this suit against Commissioner Roland D. Martin, in his official capacity as the Commissioner of the Maine Department of Inland Fisheries and Wildlife ("IF&W"), under the federal Endangered Species Act ("ESA"), 16 U.S.C. § 1531, et. seq.  National Trappers Association, U.S. Sportsmen's Alliance Foundation, Maine Trappers Association, Sportsman's Alliance of Maine, Fur

Takers of America, Oscar Cronk, Donald Dudley, Alvin Theriault, and Brian F. Cogill, Sr. (the "Intervenors") were granted permission by the Court to intervene as defendants.

2. The parties recognize and the Court, by entering the Consent Decree and Order (the "Decree"), finds that this Decree has been negotiated in good faith; settlement will avoid continued litigation between the parties; settlement of this matter is in the public interest and in accordance with the ESA; and entry of this Decree is fair and reasonable.

## II. JURISDICTION

3. This Court has jurisdiction over the parties and subject matter of this Consent Decree pursuant to 28 U.S.C. § 1331 and 16 U.S.C. § 1540(g).

## III. APPLICABILITY

4. The provisions of this Decree shall apply to and be binding upon the parties; any successor to Commissioner Martin as Commissioner of IF&W; all IF&W personnel who are subordinate to Commissioner Martin or any successor as IF&W Commissioner; with respect to corporate and organizational parties, their respective officers, directors, successors, affiliates and assigns; and with respect to individual Intervenors, their heirs and assigns.

## IV. COMPLIANCE

5. By whatever regulatory means are necessary, including, if necessary, emergency rulemaking procedures, Commissioner Martin shall, prior to October 14, 2007 impose the following restrictions on trapping activities conducted in the geographic area denominated as Wildlife Management Districts ("WMDs") 1, 2, 3, 4, 5, 6, 8, 9, 10, and 11, as these WMDs are configured on the date of the entry of the Decree (reflected in the map attached as Exhibit A):

      a. Commissioner Martin shall prohibit the use of all foothold traps (also known as leghold traps) that have an inside jaw spread of more than 5 3/8 inches, except that such traps with an inside jaw spread of more than 5 3/8 inches may be used if they are set so as to be fully or partially covered by water at all times. Commissioner Martin shall require that foothold traps that are permitted (that is, those with an inside jaw spread of 5 3/8 inches or less) be equipped with at least one chain swivel.

      b. Subject to the exceptions set forth in this paragraph, Commissioner Martin shall prohibit the use of cage traps which have an opening of more than 13 inches in width or more than 13 inches in height. The Commissioner may permit cage traps of any size to be used (1) for wildlife research and survey activities; (2) for the removal of animals that are causing damage to property; or (3) to capture bear.

      c. Commissioner Martin shall keep in effect the regulation currently in effect on the date this Decree is entered that prohibits foothold and killer-type traps from being set within 50 yards of bait that is visible from above and that permits bait to be used for trapping only if it is completely covered to prevent it from being seen from above, and is covered in such a way as to withstand wind action and other normal environmental conditions. Bait is defined as animal matter including meat, skin, bones, feathers, hair or any other solid substance that used to be part of an animal. This includes live or dead fish. For the purposes of this paragraph, bait does not include animal droppings (scat), urine or animals, dead or alive, held in a trap as the result of lawful trapping activity.

      d. Commissioner Martin shall keep in effect the regulation currently in effect on the date this Decree is entered that prohibits the setting, placing and tending of

any killer-type trap unless set completely underwater or at least 4 feet above the ground or snow level in the manner described in paragraph 5(e) below, except that killer-type traps with an inside jaw spread not to exceed 5 inches may be permitted under the following conditions: (1) when set so as to be partially covered by water at all times, or (2) when set under overhanging stream banks, or (3) when used as blind sets.  For purposes of this paragraph, a blind set is defined as any set designed to catch a wild animal, without the use of bait, lure or visible attractor, by intercepting the animal as it moves naturally through its habitat.  Bait, lure and visible attractor do not include animal droppings (scat) or urine.

      e. Killer-type traps set at least four feet above ground or snow level may be permitted by Commissioner Martin for use in Wildlife Management Districts 1, 2, 3, 4, 5, 6, 8, 9, 10 and 11 so long as such traps are affixed to a pole or tree that is at an angle of 45° or greater to the ground and that is no greater than 4 inches in diameter at 4 feet above the ground or snow level.

      f. Commissioner Martin shall not permit the use of snares for any purpose other than to catch beaver and bear unless and until IF&W obtains an Incidental Take Permit explicitly authorizing additional uses of snares.

      g. Commissioner Martin shall recommend to trappers that they not set on the ground foothold traps with an inside jaw spread of more than 5 inches that are otherwise authorized by paragraph 5(a) unless such traps are equipped with offset jaws.

    6. The following shall apply state-wide:

      a. Commissioner Martin shall maintain a telephone hotline which will be staffed seven days a week, 24 hours per day, during trapping season.  Trappers shall be

made aware of the hotline and will be advised that they are to call the hotline in the event that a lynx is incidentally captured. When the hotline staff receive a report of an incidentally captured lynx, they shall either dispatch an IF&W employee to the scene to assist in the assessment and release of the lynx, or, if an IF&W employee is not available, shall advise the trapper on how to assess the lynx for any injuries and safely release the lynx.

    b. If any lynx sustains an injury as a result of an incidental trapping, Commissioner Martin shall direct IF&W to be responsible for the rehabilitation of the lynx and for release back into the wild once rehabilitation is complete. In consultation with veterinarians, IF&W shall, by the time the trapping season starts on October 14, 2007, implement and distribute to its staff specific guidelines detailing when a lynx should receive veterinarian attention. Commissioner Martin shall inform API and the Intervenors in writing of any lynx rehabilitation efforts made pursuant to this paragraph.

    c. By the start of the trapping season on October 14, 2007, Commissioner Martin shall establish a network of qualified veterinarians and animal rehabilitators who IF&W can call upon as needed to provide care for injured lynx. Commissioner Martin shall inform API and the Intervenors in writing of the identity of those veterinarians and animal rehabilitators who may be called upon by IF&W.

    d. Commissioner Martin shall direct IF&W to investigate each incidental lynx trapping and will advise the United States Fish and Wildlife Service ("USFWS"), API, and the Intervenors regarding the details of each trapping incident and provide the relevant support and documentation. The Commissioner shall provide to API and the Intervenors only those documents and information that are deemed to be public within

the meaning of Maine's Freedom of Access Act, 1 M.R.S.A. §§ 401-411, and shall provide said information to API and the Intervenors within 14 days of becoming aware of an incident in which a lynx has been incidentally trapped.

  e. Commissioner Martin shall continue to prohibit the intentional trapping and hunting of lynx.

## V. EXPIRATION OF DECREE

7. If IF&W obtains an Incidental Take Permit for its trapping program, Commissioner Martin shall not be bound by the terms of this Decree during any period when said Permit is in effect. Instead, during any period when such a Permit is in effect, Commissioner Martin shall be bound by the terms of said Permit. An Incidental Take Permit will be deemed to not be in effect if it is vacated, stayed or enjoined by a court of competent jurisdiction.

8. If, pursuant to 16 U.S.C. § 1533(d), USFWS promulgates a 4(d) Rule addressing the incidental take of Canada lynx resulting from trapping activities, Commissioner Martin shall not be bound by the terms of this Decree during any period when said 4(d) Rule is in effect in Maine. A 4(d) Rule will be deemed to not be in effect if it is vacated, stayed or enjoined by a court of competent jurisdiction.

9. Commissioner Martin may seek from the Court an order terminating this Decree if any of the following actions are taken by USFWS: (1) issuance of an Incidental Take Permit to IF&W for its trapping program; (2) promulgation of a 4(d) Rule addressing the incidental take of lynx resulting from trapping activities; or (3) removal of Canada lynx from protection under the Endangered Species Act. If Commissioner Martin seeks termination of this Decree upon the occurrence of any of these actions taken

by USFWS, the Court will terminate this Decree only if it finds that the action has become permanent.  For purposes of this paragraph, an action is permanent if it is not subject to any further judicial review or if no judicial review has been sought by anyone (whether or not a party to this Decree) within 90 days of the taking of the action.

    10.  Nothing in this Decree limits the right of any party to seek judicial review of any Incidental Take Permit or 4(d) Rule issued by USFWS.

## VI.  ENFORCEMENT

    11.  The Court shall retain jurisdiction of this case under 16 U.S.C. § 1540(g) until the termination of the Decree in order to enforce the terms and conditions of the Decree, to modify or terminate the Decree for good cause shown, and to resolve any disputes arising hereunder.

## VII.  COSTS OF LITIGATION

    12.  Pursuant to 16 U.S.C. § 1540(g)(4), API shall be awarded against Commissioner Martin in his official capacity its costs of litigation in this action, including reasonable attorney and expert witness fees ("Costs of Litigation").  Within 30 days of entry of the Decree, API shall provide appropriate documentation of the Costs of Litigation it claims it has incurred in this matter. If an amount of Costs of Litigation cannot be agreed upon by negotiation, the Court shall determine the amount pursuant to 16 U.S.C. § 1540(g)(4).  Any request for the Court to determine the amount of API's Costs of Litigation shall be filed no later than 90 days after the entry of the Decree.  The fact that certain attorney fees and costs were incurred by API solely as the result of actions taken by the Intervenors shall not be grounds for failing to include such fees and costs as part of the award against Commissioner Martin in his official capacity.

## VIII.  GENERAL PROVISIONS

13.  This Decree constitutes a settlement by the parties of disputed claims as alleged in the Complaint.  Commissioner Martin and IF&W, by entering into this Consent Decree, make no admission of wrongdoing, and expressly deny any liability.

14.  The effective date of this Decree shall be the date of its entry.

15.  All correspondence concerning this Decree and all documents that are submitted pursuant to this Decree shall be addressed as follows:

As to Plaintiff:

Nicole G. Paquette
Animal Protection Institute
P.O. Box 22505
Sacramento, California  95822

Bruce M. Merrill
225 Commercial Street  Suite 501
Portland, Maine  04101
mainelaw@maine.rr.com

As to Defendant:

Christopher C. Taub
Assistant Attorney General
6 State House Station
Augusta, Maine  04333-006
Christopher.C.Taub@maine.gov

As to Intervenors:

James H. Lister
Birch, Horton, Bittner & Cherot
1155 Connecticut Avenue, N.W.  Suite 1200
Washington, D.C.  20036
jlister@dc.bhb.com

> Barbara A. Miller
> Kelley, Drye & Warren
> 3050 K Street N.W.  Suite 400
> Washington, D.C.  20007
> bmiller@kelleydrye.com

16.  The Decree can be executed in counterparts.

17.  Nothing in this Decree shall prevent Commissioner Martin from taking additional measures to protect Canada lynx.

## IX.  CONSENT TO ENTRY OF DECREE

18.  Each of the parties consents to entry of this Decree, subject to the Court's approval of this Decree.  The undersigned certify that they are fully authorized by the party to enter into the terms and conditions of this Decree and to execute and legally bind the represented parties to it.

Judgment is hereby entered in accordance with this Consent Decree and Order this 4th day of October, 2007.

/s/ John A. Woodcock, Jr.<br>
John A. Woodcock, Jr.<br>
United States District Judge

AGREED AND CONSENTED TO THIS 3RD DAY OF OCTOBER, 2007.

| FOR ANIMAL PROTECTION INSTITUTE | COMMISSIONER MARTIN |
|---|---|
| /s/ Nicole G. Paquette<br>Nicole G. Paquette | /s/ Roland D. Martin<br>Roland D. Martin |
| FOR NATIONAL TRAPPERS ASSOCIATION | FOR U.S. SPORTSMEN'S ALLIANCE FOUNDATION |
| /s/ Barbara A. Miller<br>By: Barbara A. Miller<br>Its: Attorney | /s/ James H. Lister<br>By: James H. Lister<br>Its: Attorney |
| FOR MAINE TRAPPERS ASSOCIATION | FOR SPORTSMAN'S ALLIANCE OF MAINE |
| /s/ James H. Lister<br>By: James H. Lister<br>Its: Attorney | /s/ James H. Lister<br>By: James H. Lister<br>Its: Attorney |
| FOR FUR TAKERS OF AMERICA | |
| /s/James H. Lister<br>By: James H. Lister<br>Its: Attorney | /s/Oscar Cronk/James H. Lister<br>Oscar Cronk<br>By: James Lister<br>His: Attorney |
| /s/ Donald Dudley/James H. Lister<br>Donald Dudley<br>By: James H. Lister<br>His: Attorney | /s/ Alvin Theriault/James H. Lister<br>Alvin Theriault<br>By: James H. Lister<br>His: Attorney |
| Brian F. Cogill, Sr.<br>By: Barbara A. Miller<br>His: Attorney | |